```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DAVID H. MARION, as Receiver      :   CIVIL ACTION
for Bentley Financial Services,   :
Inc.                              :
                                  :
          v.                      :
                                  :
TDI, INC. (f/k/a Traders and      :
Dealers, Inc., f/k/a The          :
Trading Desk, Inc. and f/k/a      :
U.S. Central Securities, Inc.),   :
SOUTHEASTERN SECURITIES, INC.,    :
SFG FINANCIAL SERVICES, INC.,     :
PENINSULA BANK, THEODORE          :
BENGHIAT, CASTO EDWIN RIVERA,     :
JERRY MANNING, JOHN STRINE,       :
JEFFREY WILSON and                :
JOSEPH MARZOUCA                   :   NO. 02-7032
_____

DAVID H. MARION, as Receiver      :   CIVIL ACTION
for Bentley Financial Services,   :
Inc.                              :
                                  :
          v.                      :
                                  :
S.D. GOLDFINE & COMPANY and       :
SANFORD GOLDFINE                  :   NO. 02-7076
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                          August 3, 2007

Plaintiff recovered a jury verdict totaling in excess of $32 million ($13,109,732 from the Peninsula Bank defendants and $19,664,598 from the Benghiat defendants). By Memorandum and Order dated December 14, 2006, I denied the defendants' post-trial motions for judgment as a matter of law or a new trial, and entered judgment on the verdicts. Defendants appealed to the Third Circuit Court of Appeals. On April 23 and April 25, 2007,

the two sets of defendants separately filed motions for relief from judgment, under Fed. R. Civ. P. 60(b)(3). The appellate proceedings are on hold, pending decision of these motions by the District Court. After holding a hearing on July 9, 2007, I conclude that the pending motions lack merit and must be denied.

Defendants claim that the verdict was tainted by the misconduct of plaintiff's trial attorneys. The facts of this case are briefly summarized in this court's December 14, 2006 ruling, denying post-trial relief, and will not be repeated in detail here. The principal issues at trial were (1) whether the defendants were chargeable with knowing participation in Mr. Bentley's fraudulent scheme, and (2) if so, whether their activities were a proximate cause of damage to the receivership estate, and, if so, in what amount(s). Plaintiff presented the trial testimony of several expert witnesses. One, Mr. Burdette, was questioned only concerning liability issues. He was presented as an expert on industry standards concerning the operations of CD brokers, and the obligations of securities dealers to supervise their registered agents. He was not questioned concerning damages. It now develops that, in the course of his conferences with plaintiff's trial counsel, Mr. Burdette expressed the opinion that, if Mr. Bentley's activities had been terminated in December 1999, rather than in October of 2001 when the receivership was established, the Bentley

enterprise would have been "under water" to the extent of about $40 million, rather than the $23 million deficit that existed when the receivership was established in October 2001.  Mr. Burdette's opinion on this issue differed from the opinions of the damages experts consulted by plaintiff.

The pending motions assert that, after trial, defendants' present counsel learned that, when Mr. Burdette expressed his opinion to plaintiff's counsel, the latter told Mr. Burdette that he would not be questioned about damages, and instructed him not to volunteer any information on that subject. Defendants now assert that they are entitled to post-trial relief under Fed. R. Civ. P. 60(b)(3), ("fraud ... misrepresentation, or other misconduct of an adverse party").  The motions will be denied.

Neither the court nor the defendants were misled by the conduct of plaintiff's counsel in this regard.  The defendants were not misinformed, nor was their ability to present a defense impeded in any way.  Plaintiff's counsel had a perfect right to select expert witnesses whose opinions would be favorable to his client's position and had no obligation to gather evidence for the defense.

It bears mention that defendants' trial counsel chose to focus principally upon liability issues, rather than the precise amount of damages.  This seemed an entirely reasonable

approach at the time.  The fact that, after verdict, successor counsel thinks a different approach would have been preferable does not, in my view, warrant relief from judgment.

In short, plaintiff's counsel did not act improperly, there was no fraud upon the court or upon opposing counsel, and there is no basis for invoking Fed. R. Civ. P. 60(b)(3).

An Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID H. MARION, as Receiver       :    CIVIL ACTION
for Bentley Financial Services,    :
Inc.                               :
                                   :
          v.                       :
                                   :
TDI, INC. (f/k/a Traders and       :
Dealers, Inc., f/k/a The           :
Trading Desk, Inc. and f/k/a       :
U.S. Central Securities, Inc.),    :
SOUTHEASTERN SECURITIES, INC.,     :
SFG FINANCIAL SERVICES, INC.,      :
PENINSULA BANK, THEODORE           :
BENGHIAT, CASTO EDWIN RIVERA,      :
JERRY MANNING, JOHN STRINE,        :
JEFFREY WILSON and                 :
JOSEPH MARZOUCA                    :    NO. 02-7032
_____

DAVID H. MARION, as Receiver       :    CIVIL ACTION
for Bentley Financial Services,    :
Inc.                               :
                                   :
          v.                       :
                                   :
S.D. GOLDFINE & COMPANY and        :
SANFORD GOLDFINE                   :    NO. 02-7076
```

ORDER

AND NOW, this 3rd day of August 2007, upon consideration of defendants' motions for relief from judgment under Fed. R. Civ. P. 60(b)(3), IT IS ORDERED:

   1.  That the motions are DENIED.

   2.  The Clerk is directed to forward this supplemental record to the Court of Appeals.

                              BY THE COURT:


                              /s/ John P. Fullam
                              John P. Fullam, Sr. J.